Filed 9/25/20  P. v. Captain CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KERRY TREVONTE CAPTAIN,<br><br>        Defendant and Appellant. | A157456<br><br>(Contra Costa County<br>Super. Ct. No. 50811604) |

Kerry Trevonte Captain appeals from an order that denied his motion for resentencing under Penal Code section 1170.95[1] on the ground that the statute applies only to persons convicted of murder under specified theories. He contends the statute should be read to apply also to persons who, like him, were charged with murder but pled no contest to voluntary manslaughter.  We will affirm the order.

## I.  FACTS AND PROCEDURAL HISTORY

In October 2008, Captain was charged by information with murder (§ 187) and attempted second degree robbery (§§ 664/211).  As a special circumstance, it was alleged that he committed the murder during the course of a robbery.  (§ 190.2, subd. (a)(17).)

---

[1]     All statutory references herein are to the Penal Code.

1

In January 2012, pursuant to a negotiated disposition, Captain entered a plea of no contest to voluntary manslaughter (§ 192, subd. (a)) and attempted burglary (§§ 664/211) and admitted a firearm-use enhancement (§ 12022.5). In accord with the plea agreement, the court imposed a sentence of 16 years, eight months in state prison.

In January 2019, Captain filed a petition in the trial court to vacate his voluntary manslaughter conviction and resentence him pursuant to the procedures set forth in section 1170.95, which was enacted under Senate Bill 1437, effective January 1, 2019. (Stats. 2018, ch. 1015, §4 .) The People opposed his petition on the ground that section 1170.95 provides relief only to persons convicted of murder.

In May 2019, the court denied Captain's petition, concluding he was ineligible for relief under the statute because he was convicted of voluntary manslaughter, not murder. This appeal followed.

## II. DISCUSSION

### A. Section 1170.95 Applies Only to Murder

Section 1170.95, subdivision (a) reads as follows: "A person convicted of *felony murder or murder* under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder* conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner

2

could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.)

By its express terms, the statute allows only one category of individuals to seek relief: persons "convicted of felony *murder* or *murder* under a natural and probable consequences theory." (§ 1170.95, subds. (a); italics added.) It provides only one remedy if the petition is successful: to vacate the *murder* conviction and resentence the defendant on any remaining convictions (or, if only generic murder was charged, on the uncharged target offense). (§ 1170.95, subds. (a), (d), (e); italics added.) Section 1170.95 plainly applies only to those who have been convicted of murder under the specified theories.

Captain nonetheless points to subdivision (a)(2) of the statute, which states that a resentencing petition must show that "the petitioner was convicted of first degree murder . . . following a trial *or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder*." (Italics added.) He argues that this clause should be read to include people who were initially charged with murder but ended up being convicted by plea of another crime such as voluntary manslaughter. Believing section 1170.95 is thus ambiguous, Captain urges us to interpret the statute his way to effect his perception of legislative intent, avoid an absurd result, elevate specific provisions over general provisions, avoid surplusage, apply the rule of lenity, and further the public policy goal of reducing overcrowding in prison.

Subdivision (a)(2) creates no ambiguity in section 1170.95. Reading the statute as a whole, it is readily and reasonably understood to mean that the petitioner must have been convicted of murder after a trial under a felony murder or natural and probable consequences theory, or convicted of murder by plea bargain after being charged under a felony murder or natural and

3

probable consequences theory. (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 202 (*Paige*).) Because the statute is unambiguous, Captain's resort to interpretive devices such as rules regarding surplusage and lenity are unavailing and misplaced.

Decisions of the California courts of appeal have uniformly concluded that section 1170.95 pertains only to defendants convicted of murder, not manslaughter. (See, e.g., *Paige, supra,* 51 Cal.App.5th 194 [First District]; *People v. Sanchez* (2020) 48 Cal.App.5th 914 (*Sanchez*) [Fourth District]; *People v. Turner* (2020) 45 Cal.App.5th 428 (*Turner*) [Fourth District]; *People v. Flores* (2020) 44 Cal.App.5th 985 (*Flores*) [Fourth District]; *People v. Cervantes* (2020) 44 Cal.App.5th 884 (*Cervantes*) [Second District]; see also *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175 [Second District, holding statute inapplicable to conviction for attempted murder].)

In fact, Captain's specific arguments have been soundly rejected many times. His idea that subdivision (a)(2) creates ambiguity in section 1170.95 has been repeatedly rebuffed. (E.g., *Paige, supra*, 51 Cal.App.5th at p. 202; *Turner, supra*, 45 Cal.App.5th at p. 436.) His notion that it would be absurd to exclude from the statute those who pled guilty to manslaughter because they would not have their convictions overturned while murderers would, has likewise been rejected. (E.g., *Paige, supra*, 51 Cal.App.5th at p. 204; *Turner, supra*, 45 Cal.App.5th at p. 439; *Sanchez, supra*, 48 Cal.App.5th at pp. 919–920.) Contrary to his arguments concerning legislative intent, California courts hold that the statutory language and legislative history confirm the Legislature did not intend to make persons convicted of manslaughter eligible for relief under the statute. (E.g., *Paige, supra*, 51 Cal.App.5th at pp. 202–203; *Turner, supra*, 45 Cal.App.5th at pp. 436–438.)

4

In light of the plain language of section 1170.95 and its legislative history, we follow the chorus of appellate courts holding that section 1170.95 applies only to defendants convicted of murder.

B. Equal Protection

Captain contends that application of section 1170.95 to persons convicted of murder, and not to persons convicted of voluntary manslaughter, violates equal protection principles. Multiple courts have rejected this idea as well. (E.g., *Paige, supra,* 51 Cal.App.5th at pp. 205–206; *Cervantes, supra,* 44 Cal.App.5th at pp. 888-889; *Sanchez, supra*, 48 Cal.App.5th at pp. 920–921.) The Legislature could rationally treat persons convicted of murder differently from those convicted of other offenses for purposes of section 1170.95.

C. Eighth Amendment and Due Process

Lastly, Captain contends the Eighth Amendment and due process are violated because denying relief to persons who pled guilty to voluntary manslaughter would render the retroactive application of section 1170.95 arbitrary and result in longer punishment for a lesser crime. The argument is untenable. In the first place, section 1170.95 does not make the punishment for murder less than the punishment for manslaughter. It vacates convictions for murder based on certain legal theories and orders that the defendant be resentenced to no greater than the original term. Moreover, as courts have held in finding no violation of equal protection, there is a rational rather than arbitrary distinction between those convicted of murder and those convicted of voluntary manslaughter.

In short, Captain fails to establish any constitutional infirmity in section 1170.95 or its application. If there is any potential inequitable operation of the statute, the remedy lies with the Legislature, not this court.

5

## III.  <u>DISPOSITION</u>

The order is affirmed.

 

 

 

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Captain* / A157456